## THE STATE v. JONES, Appellant.

### Division Two, December 18, 1900.

Practice: NO EXCEPTIONS: MOTION FOR NEW TRIAL. Where no objections or exceptions are taken to the refusal of the trial court to give instructions asked by defendant, and the evidence shows defendant's guilt beyond question, the Supreme Court will not interfere with the verdict, on the ground, assigned in the motion for a new trial, that there was a lack of evidence to sustain it.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Edward C. Crow, Attorney-General,* and *Sam. B. Jeffries,* Assistant Attorney-General, for the State.

BURGESS, J.—At the November term, 1899, of the circuit court of Texas county, the defendant and one G. E. Motsinger were jointly indicted, for stealing one red heifer the property of one Stillman. On motion of defendant a severance was granted him, and at the same term of the court he was put upon his trial, found guilty, and his punishment fixed at two years' imprisonment in the penitentiary. He appeals.

Defendant is not represented in this court, but in the motion for a new trial there is assigned for error the want of evidence to sustain the verdict, and the action of the court in giving instructions for the State. Neither of these points is well taken. The evidence showed defendant's guilt beyond

any and all question, and the instructions were full, clear and and absolutely fair. There is no complaint of a refusal by the court to give all instructions asked by defendant, and those that were given in his behalf are all that he could have desired.

Finding no reversible error in the record, we affirm the judgment. *Gantt, P. J.,* and *Sherwood, J.,* concur.